IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEIGHANN MARQUEZ,

     Plaintiff,

v.                                                   Civ. No. 23-311 MV/GBW

ROBERT BACA, *et al.*,

     Defendants.


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before me on Plaintiff's Motion to Remand (*doc. 6*) pursuant to the Honorable Martha Vazquez's Order of Reference (*doc. 17*), referring this motion to me for analysis, findings of fact, evidentiary hearings if warranted, and recommendations for its ultimate disposition.  Having reviewed the parties briefing, *docs. 6, 9, 12*, and being otherwise fully informed, I RECOMMEND that the Court grant Plaintiff's Motion and remand this case to the Fourth Judicial District Court of New Mexico.

Plaintiff brings claims of personal injury, uninsured motorist coverage, breach of contract, and insurance bad faith against Defendants Robert Baca, Snap Insurance Service, LLC, Incline Casualty Company, USAA General Indemnity Company, and Martha Oberle based on an incident in which Plaintiff fell off the back of a truck that was operated by Defendant Baca.  *Doc. 1-1* at 2-4.  Plaintiff commenced this lawsuit in

state court on March 23, 2022.  *Id.* at 2.  During the state court litigation, Defendant Baca was never served, he never filed an answer to Plaintiff's complaint, and Plaintiff never moved for default judgment against him.  *Doc. 1-3* at 1-3.  Plaintiff also declined to propound any discovery on Defendant Baca.  *Id.*  However, after engaging in mediation, Plaintiff and Defendant Baca reached a settlement on January 31, 2023.  *Doc. 6-9* at 1.  On April 10, 2023, Defendant Baca was dismissed from the case pursuant to a joint motion to dismiss.  *Doc. 1-2* at 1.

On April 10, 2023, Defendant USAA General Indemnity Company ("Defendant USAA") removed this case to federal court.  *Doc. 1.*  Defendant USAA acknowledges that the one-year time limit for removing a case to federal court expired on March 23, 2023, one year after the lawsuit was commenced in state court.  *Id.* at 2.  Defendant USAA argues, however, that the bad faith exception to the one-year limit rule applies because Plaintiff purposefully kept Defendant Baca, the only non-diverse defendant, in the lawsuit without "actively litigat[ing]" against him in order to destroy diversity jurisdiction.  *Doc. 1* at 2-4.  Plaintiff filed the instant Motion to Remand on May 10, 2023, and argues that she did not act in bad faith with respect to Defendant Baca.  *Doc. 6.*  Defendant filed its response on May 24, 2023.  *Doc. 9.*  Briefing on the motion was complete on June 7, 2023, *doc. 13*, with the filing of Plaintiff's reply, *doc. 12.*

An action may only be removed to federal court if the district court has original jurisdiction.  The parties may remove a case to federal court on the basis of diversity

jurisdiction if the parties are completely diverse and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  However, a case may not be removed to federal court on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1).  Because federal courts are courts of limited jurisdiction, "statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed."  *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Based on the evidence presented by the parties, I do not find that Plaintiff engaged in bad faith in relation to Defendant Baca.  It is commonplace in a personal injury lawsuit for a plaintiff to bring claims against the alleged tortfeasor (Defendant Baca) as well as the insurer.  Although Plaintiff did not seek default judgment against Defendant Baca or serve him with discovery, Plaintiff actively worked to reach a settlement with Defendant Baca and his insurer, even before commencing the lawsuit. *See doc. 6* at 6; *docs. 6-4—6-8*.  In addition, Plaintiff's claims against Defendant Baca were not frivolous given that Plaintiff successfully settled with Defendant Baca and Snap Insurance for the policy limits.  *Doc. 6-9* at 1.

Defendant argues that Plaintiff could have dismissed Defendant Baca before the one-year time period expired given that she settled with Defendant Baca on January 31,

2023, but did not move to dismiss him until April 6, 2023. *Doc. 1* at 4; *doc. 9* at 7.

However, it is not atypical for parties to require time to work out the logistics of a

settlement before dismissing a party, and two months is not an unreasonable amount of

time in which to do so. Further, Defendant presents no evidence that Plaintiff

deliberately delayed her motion to dismiss Defendant Baca. Overall, there is no

indication that Plaintiff acted in bad faith to avoid federal jurisdiction.

Based on the foregoing reasons, I RECOMMEND that the Court grant Plaintiff's

Motion to Remand (*doc. 6*) and remand this case to the Fourth Judicial District Court of

New Mexico.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of
a copy of these Proposed Findings and Recommended Disposition they may file written
objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party
must file any objections with the Clerk of the District Court within the fourteen-day
period if that party wants to have appellate review of the proposed findings and
recommended disposition. If no objections are filed, no appellate review will be
allowed.**